UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D'ANGELO ROYSTER,

    Plaintiff,      Case No. 2:06-cv-293

v.             Honorable Robert Holmes Bell

CHAPLAIN GERALD RILEY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility (LMF). He filed his *pro se* complaint under 42 U.S.C. § 1983. Presently before the court are Plaintiff's motion for declaratory relief (docket #4) and motion for preliminary injunction (docket #5). For the following reasons, I recommended that the motions for a declaratory judgment and for a preliminary injunction be denied.

  Plaintiff alleges that he has been a Zen Buddhist since 1998. In March 2006, he was interviewed by Chaplain Gerald Riley to be approved for the Buddhist meal program. Chaplain Riley refused to review Plaintiff's medical progress notes, which showed that Plaintiff had declared himself a Zen Buddhist in 1998. Moreover, Chaplain Riley questioned Plaintiff about Buddhism rather than Zen Buddhism. Chaplain Riley recommended that Plaintiff's request be denied. David Bergh, LMF Warden, approved the recommendation, and Dave Burnett, Michigan Department of Corrections Special Activities Coordinator, made the final decision to deny Plaintiff a Buddhist diet. Plaintiff presently receives a vegetarian diet. He alleges that as a Zen Buddhist he is required to eat

a strict vegan diet, which does not include dairy products. Because he is lactose intolerant, consumption of dairy products causes him to experience an allergic reaction and tinnitus. He is prescribed medication for both conditions.

Plaintiff claims that the hearing before Chaplain Riley violated his due process rights, and that the decision to deny Plaintiff a strict vegan diet violated his First, Eighth, and Fourteenth Amendment rights. Plaintiff is suing Chaplain Riley, Warden Bergh, and Dave Burnett. For relief, Plaintiff seeks compensatory and punitive damages, and injunctive relief.

In his motion for preliminary injunctive relief, Plaintiff asks the court to order the Michigan Department of Corrections to place Plaintiff on either the Buddhist diet or a vegan diet. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Six Clinics Holding Corp. II v. Cafcomp Sys., Inc.*, 119 F. 3d 393, 400 (6th Cir. 1997). It is an "extraordinary remedy" which should be granted only if the movant "carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). When deciding whether to grant interim injunctive relief a district court must consider: (1) the likelihood that the party seeking relief will succeed on the merits of the claim; (2) whether the party seeking relief will suffer irreparable harm without the temporary restraining order; (3) the probability that granting the requested relief will cause substantial harm to others; and (4) whether the public interest is advanced by the issuance of the temporary restraining order. *See Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 892 (6th Cir. 2000). A plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *See Granny Goose Foods v. Bhd. of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 432, 441 (1974). Although none of the factors are

dispositive, at the least, the movant must establish the first two factors. *See Anton/Bauer, Inc. v. PAG, Ltd.*, 329 F. 3d 1343, 1348 (Fed. Cir. 2003).

To establish a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success. *See Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977). The plaintiff must show a "strong" or "substantial" likelihood of success. *Summit County Democratic Cent. and Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004) (must show strong likelihood of success); *United States v. Holy Land Found.*, 445 F.3d 771, 790 (5th Cir. 2006) (standard is substantial likelihood of success on the merits).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. Prisoner officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of a prisoner. *Estelle v. Gamble*, 429 U.S. 102, 104-05 (1976); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105.

3

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). The record establishes that Plaintiff is receiving treatment for his various medical conditions. Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.* (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). Plaintiff has not established a strong or substantial likelihood of success on his Eighth Amendment claim.

Plaintiff further complains that he was denied a vegan diet in violation of his religious beliefs. A prisoner's right to freely exercise his religion may be subject to reasonable restrictions while he is incarcerated. *See Abdur-Rahamn v. Mich. Dep't of Corr.,* 65 F.3d 489, 491 (6th Cir. 1995). Plaintiff does not allege that the Michigan Department of Corrections has a policy of denying all Buddhist or Zen Buddhist prisoners a diet consistent with their religious beliefs. Prison officials may appropriately question whether a specific prisoner's religious beliefs, asserted as a basis for a requested accommodation, is authentic. *See Cutter v. Wilkinson,* 544 U.S. 709, 725 n.13 (2005).

Thus, prison officials may deny a particular prisoner a special diet if they conclude that the diet is not necessary to accommodate that prisoner's religious beliefs. Based upon the present record, Plaintiff has not established a substantial likelihood of prevailing on his First Amendment claim.

To demonstrate irreparable harm, the moving party must identify "a noncompensable injury for which there is no legal measure of damages, or none that can be determined with a sufficient degree of certainty ...." *Nixon v. Kent County*, 790 F.Supp. 738, 749 (W.D.Mich.1992). A plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). In considering the irreparable harm the movant may suffer without an injunction, the Court must evaluate the substantiality of the injury alleged and the adequacy of the proof provided. *See Mercy Health Servs. v. 1199 Health & Human Servs. Employees Union,* 888 F.Supp. at 838 (W.D. Mich. 1995). The Supreme Court has found that the loss of First Amendment rights for any period of time may constitute an irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 374 (1976). Plaintiff, however, does not allege that, with the exception of a vegan diet, he is prevented from otherwise exercising his Zen Buddhist beliefs and practices. Moreover, he has been a Zen Buddhist since 1998 without benefit of a vegan diet. I conclude that Plaintiff has not shown that he will suffer irreparable harm absent an immediate injunction.

"Plaintiff contends," that the Defendants' decision to deny him a vegan diet, "is all for monetary reasons because it cost[s] more to pay for Buddhist meals." (Docket #5, p. 5). Thus, Plaintiff acknowledges that the diet he requests would place a greater burden on the Michigan Department of Corrections. If Plaintiff is entitled to a vegan diet, the prison must assume that burden. However, directing the prison to provide Plaintiff with the more costly diet before it is established that he is so entitled could cause substantial harm to the Michigan Department of

5

Corrections. The final factor, the public interest, would not be advanced by prematurely placing an additional financial burden on the prison system.

In weighing the four relevant factors, I conclude that Plaintiff has not met his burden of demonstrating that the factors weigh in favor of granting a preliminary injunction. Accordingly, I recommend that Plaintiff's Motion for Preliminary Injunction (Docket #5) be denied.

The Declaratory Judgment Act of 1934, 28 U.S.C. § 2201, permits a federal court to declare the rights of a party whether or not further relief is or could be sought. *See Steffel v. Thompson,* 415 U.S. 452, 462 (1974). The purpose served by a declaratory judgment action is the clarification of legal duties for the future, rather than the past harm that a coercive tort action is aimed at redressing. *See AmSouth Bank v. Dale*, 386 F.3d 763, 786 (6th Cir. 2004). The court may not decide or declare the rights of a party upon facts which are uncertain. As discussed above, the record is not sufficiently developed to determine whether Plaintiff's rights have been violated. Accordingly, I recommend that Plaintiff's Motion for Declaratory Judgment (Docket #4) be denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 12, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).